UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

|  |  |
|---|---|
| EDUARDO MARTINEZ and DANIEL GRANDE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTH FLORIDA STADIUM LLC, d/b/a HARD ROCK STADIUM, CONFEDERACION SUDAMERICANA DE FUTBOL, d/b/a CONMEBOL, CONFEDERATION OF NORTH, CENTRAL AMERICA AND CARIBBEAN ASSOCIATION FOOTBALL D/B/A CONCACAF, and BEST CROWD MANAGEMENT, INC.,<br><br>Defendants. | Civil Case No. _____ |

## DEFENDANT SOUTH FLORIDA STADIUM LLC'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant South Florida Stadium LLC ("SFS" or "Defendant") hereby effects the removal of a state court civil action titled *Martinez, et al., v. South Florida Stadium, LLC d/b/a Hard Rock Stadium, et al.*, No. 2024-013325-CA-01, from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Action"), to the United States District Court for the Southern District of Florida.

For the sole and limited purpose of establishing the basis of this Court's jurisdiction, SFS assumes the truth of Plaintiffs' allegations, but SFS denies any liability in this case, both as to Plaintiffs' individual claims and as to the claims of the members of the proposed class. In alleging

the amount in controversy and other matters in this removal pleading, SFS does not concede any liability, damages or any other claims or defenses. SFS is only stating what the stakes of litigation could be under Plaintiffs' allegations.

Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d), because (1) this case is a putative class action in which the proposed class exceeds 100 members, (2) at least one member of the putative class is diverse from Defendant, and (3) the aggregate amount in controversy exceeds $5 million. Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 89(c). This Notice of Removal is timely because Defendant is filing it within thirty days of the date of service. *See* 28 U.S.C. § 1446(b).

## PLEADINGS AND PROCESS

1.  On July 24, 2024, Plaintiffs Eduardo Martinez and Daniel Grande ("Plaintiffs") filed an amended putative class action complaint (the "Complaint") against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2.  The Complaint alleges that the claims arise from circumstances surrounding the Copa America final held at Hard Rock Stadium on July 14, 2024 (the "Event"). *See, e.g.*, Compl. ¶¶ 1–4. Plaintiffs' allegations focus on the security and crowd control measures at the Event and ticketholders being denied access to the Event. *See, e.g.*, Compl. ¶¶ 5–6.

3.  Plaintiffs seek certification of a class consisting of: "All residents of the United States who (1) purchased one or more tickets to the Copa America final on July 14, 2024 and (2) were denied entry to Hard Rock Stadium." Compl. ¶ 89. Plaintiffs bring putative class claims against Defendant for "Negligence" and "Unjust Enrichment." Compl. at 22–27. Plaintiffs seek, among other relief, damages, including the "cost of their tickets [and] travel," Compl. ¶¶ 123–24,

as well as "restitution and/or damages" and "the return of their money related to ticket purchases . . . and related travel costs," Compl. ¶ 136.

4. Defendant was served with a copy of the Summons and Complaint on July 30, 2024. A copy of the Complaint, including exhibits attached thereto, is attached as **Exhibit A** to this Notice of Removal.

5. SFS has not yet responded to the Complaint and no substantive matters have been addressed in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), copies of all other process, pleadings, and orders that have been filed in the State Court Action are attached as **Exhibit B** to this Notice of Removal.

## REMOVAL IS PROPER UNDER CAFA, 28 U.S.C. § 1332(D)

6. CAFA provides that federal courts have original jurisdiction over putative class actions in which (1) there are at least 100 members in the proposed class; (2) the amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) any member of the putative class is diverse from any defendant. *See* 28 U.S.C. § 1332(d).

7. Pursuant to 28 U.S.C. § 1441(a), any civil action filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida that meets CAFA's jurisdictional requirements may be removed to this Court.

*8.* Under CAFA, there is no presumption against removal to federal court. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Pinchasov v. Robinhood Fin., LLC*, 2021 WL 4991104, at *2 (S.D. Fla. Feb. 17, 2021) ("The Eleventh Circuit recognizes *Dart Cherokee Basin Operating Co.* removed 'any presumption in favor of remand in deciding CAFA jurisdictional questions.'" (citation omitted)). Instead, "[t]he party removing an action under CAFA bears the burden of establishing that CAFA's requirements have been met by a preponderance of the evidence, meaning that the removing party must show that it is more likely

than not that CAFA's requirements have been met." *Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1346 (N.D. Fla. 2011) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)).

9. As set forth below, this action satisfies each of the jurisdictional requirements of § 1332(d)(2).

   A. **The Putative Class Exceeds 100 Members.**

10. Removal of a putative class action requires a showing that the proposed class exceeds 100 members. *See* 28 U.S.C.A. 1332(d)(5)(B).

11. This requirement is satisfied here because Plaintiffs allege that, "due to the nature of the trade and commerce involved, and the number of tickets sold by Defendants, Plaintiffs reasonably believe the Class consists of ***easily thousands of consumers***[.]" Compl. ¶ 92 (emphasis added). Plaintiffs also allege that "thousands of paying customers, including Plaintiffs and the Putative Class, [were] wrongfully excluded from the stadium." Compl. ¶ 62; *see Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (holding that district courts may make "reasonable deductions" and "reasonable inferences from the pleadings to determine whether it is facially apparent that a case is removable"); *Galstaldi v. Sunvest Cmtys. USA, LLC*, 256 F.R.D. 673, 675 (S.D. Fla. 2009) ("The Complaint on its face names 177 individual Plaintiffs, thereby appearing to satisfy the numerosity requirement."); *Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 932 (8th Cir. 2013) (holding that CAFA numerosity requirement was established by allegations included on face of plaintiff's complaint); *Law Offices of K.C. Okoli, P.C. v. BNB Bank, N.A.*, 481 F. App'x 622, 625 (2d Cir. 2012) (same).

   B. **The Amount in Controversy Exceeds $5,000,000.**

12. Although SFS denies that Plaintiffs' claims have any merit, and disputes that Plaintiffs and putative class members are entitled to any relief, SFS avers, only for the limited

4

purpose of meeting CAFA's jurisdictional requirement for removal, that Plaintiffs' allegations put in controversy an amount exceeding $5 million, exclusive of interest and costs. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citations omitted) (explaining that the amount in controversy at the time of removal is an estimate of how much will be put at issue during the litigation).

13. Pursuant to CAFA, a class action is removable if the aggregate sum of the class claims exceeds the sum of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C.A. § 1332(d)(2).

14. The amount in controversy for purposes of establishing CAFA jurisdiction is determined at the time of removal. *See Pretka*, 608 F.3d at 751.

15. A notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

16. An assessment of the amount in controversy may be based on the allegations in the complaint as well as any short, plain statements included in the notice of removal, which "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 84. In other words, a defendant is not required to offer evidence to substantiate the amount in controversy.

17. "When the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 754 (alteration in original) (citation omitted). Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* at 752.

18. The United States Court of Appeals for the Eleventh Circuit holds that "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *See Pretka*, 608 F.3d at 754. Instead, in making this determination, the Eleventh Circuit "permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*, 613 F.3d at 1061–62 (quoting *Pretka*, 608 F.3d at 754). Additionally, the district "court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *S. Fla. Wellness*, 745 F.3d at 1315.

19. Plaintiffs allege that ticket prices generally ranged from $1,995 to $7,377. *See* Compl. ¶ 42. In particular, Plaintiff Martinez alleges that he purchased four (4) tickets to the Event for $4,395.59 total, Compl. ¶ 67—an average cost of more than $1,098 per ticket; whereas Plaintiff Grande alleges that he purchased two (2) tickets to the Event for $9,000 total, Compl. ¶ 82—an average cost of $4,500 per ticket. Plaintiffs also contend that the proposed class is "easily thousands of consumers," and that defendants allegedly "generat[ed] tens of millions of dollars of revenue from Plaintiffs and the Putative classes [sic] purchase of tickets," Compl. ¶¶ 92, 93(i). This Court may reasonably infer and extrapolate that the aggregate amount in controversy exceeds CAFA's $5,000,000 jurisdictional threshold.[1]

---

[1] While SFS denies liability for any claims asserted against it arising from the Event, SFS notes that other putative class actions arising from the Event have been filed against SFS in the Southern District of Florida, which complaints invoke this Court's original jurisdiction under CAFA, including a separate action filed by the same counsel representing Plaintiffs in this action. *See Nobel v. South Florida Stadium LLC et al.*, No. 1:24-cv-22751, ECF 1 ¶¶ 8–9 (S.D. Fla. July 19, 2024); *see also Valderrama et al. v. CONMEBOL et al.*, No. 1:24-cv-22772, ECF 1 ¶¶ 25–26 (S.D. Fla. July 19, 2024); *Pou v. CONMEBOL et al.*, No. 1:24-cv-22828, ECF 1 ¶ 7 (S.D. Fla. July 24, 2024). Additionally, SFS has removed a similar state court class action arising from the Event. *See Manco v. South Florida Stadium LLC*, No. 1:24-cv-23195, ECF 1 (S.D. Fla. Aug. 22, 2024).

   **C.** **Minimal Diversity of Citizenship Is Satisfied.**

  20. CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Hill v. Nat'l Ins. Underwriters, Inc.*, 641 F. App'x 899, 901–02 (11th Cir. 2016) ("Under CAFA, federal courts have original jurisdiction over class actions in which there is minimal diversity—which is satisfied if at least one plaintiff and one defendant are from different states[.]") (citation omitted).

  21. "To determine whether minimal diversity exists, courts consider the citizenship of all the class members (including putative), both named and unnamed." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citing 28 U.S.C. § 1332(d)(1)(D)).

  22. A plaintiff is a "citizen of the state in which he is 'domiciled.'" *Id.* (citation omitted). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]'" *Id*. (alteration in original) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)).

  23. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" *Polanco v. Ford*, 2022 WL 71569, at *3 (S.D. Fla. Jan. 7, 2022) (quoting 28 U.S.C. § 1332(c)(1)).

  24. Plaintiffs are alleged to be residents and citizens of Florida. Compl. ¶¶ 10–11.

  25. Defendant BEST Crowd Management, Inc. ("BEST") is alleged to be incorporated in Missouri with its principal place of business in Missouri. Compl. ¶ 15. Defendant BEST is, therefore, a citizen of Missouri. *See* **Exhibit C** (listing BEST as a foreign profit corporation from the state of Missouri with a principal address in Missouri).

  26. Accordingly, the minimal diversity requirement is satisfied here because Plaintiffs are citizens of Florida, whereas Defendant BEST is a citizen of Missouri. *See* 28 U.S.C. §

1332(d)(A) (extending jurisdiction to cases in which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

## TIMELINESS OF REMOVAL

27. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days of service of the summons and complaint. Defendant was served with a copy of the Summons and Complaint on July 30, 2024. *See* **Exhibit B** at 61. Because this Notice of Removal has been filed within 30 days of July 30, 2024, it is timely.

## PROCEDURAL REQUIREMENTS

28. As required under 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on and by the removing Defendant in the State Court Action are attached as **Exhibit B** to this Notice of Removal.

29. In compliance with 28 U.S.C. § 1446(d), Defendant will provide written notice of this Notice of Removal to counsel of record for Plaintiffs and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## VENUE

30. The Circuit Court of the Eleventh Judicial Circuit is located within the Southern District of Florida, Miami Division, *see* 28 U.S.C. § 89(c), and venue for this action is proper in this Court because the Southern District of Florida, Miami Division, is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## CONCLUSION

31. By removing this action to this Court, Defendant does not waive any defenses, including but not limited to venue defenses or the defense that Plaintiffs have failed to state a claim upon which relief can be granted. Defendant also does not waive any objections or motions

available under state or federal law. For the avoidance of doubt, Defendant expressly preserves its right to, and gives notice of its intention to, among other things, seek dismissal, or alternatively, stay, and to compel arbitration of Plaintiffs' claims, which relief Defendant intends to seek subsequent to the removal of this case.

32. Defendant respectfully reserves the right to amend or supplement this Notice of Removal as may be appropriate.

**WHEREFORE**, Defendant South Florida Stadium, LLC respectfully removes this action from the Circuit Court of the Eleventh Circuit in and for Miami-Dade County, Florida, to this Court and respectfully requests that this Court: (i) consider this Notice of Removal as provided by the law governing removal of cases to this Court; (ii) make the proper orders to achieve the removal of the State Court Action to this Court; and (iii) issue such other orders as may be appropriate to effect the preparation of filing of a true record in this case of all proceedings that may have been had in the State Court Action.

Dated: August 29, 2024

Respectfully submitted,

By: */s/ Melissa C. Pallett-Vasquez*
**Melissa C. Pallett-Vasquez, Esq.**
Fla. Bar No.: 0715816
**Matthew W. Tieman, Esq.**
Florida Bar No. 1044909
**BILZIN SUMBERG BAENA PRICE**
  **& AXELROD LLP**
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131-3456
Telephone: (305) 350-2393
Facsimile:  (305) 374-7593
Email:  mpallett@bilzin.com
Email:  mtieman@bilzin.com
Email:  eservice@bilzin.com

*Counsel for Defendant South Florida Stadium LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2024, I filed the foregoing document with the Clerk of the Court via CM/ECF, and a true and correct copy of the foregoing was provided to all counsel of record by the method indicated below.

/s/ *Melissa C. Pallett-Vasquez*
**Melissa C. Pallett-Vasquez, Esq.**

**NOTICE GIVEN TO PLAINTIFFS' COUNSEL VIA E-MAIL**

Jeffrey L. Newsome; FBN: 1018667
Janet R. Varnell; FBN: 0071072
Brian W. Warwick; FBN: 0605573
Christopher J. Brochu; FBN: 1013897
Pamela G. Levinson, FBN: 538345
Varnell & Warwick, P.A.
400 N Ashley Drive, Suite 1900
Tampa, FL 33602
Telephone: (352) 753-8600
jnewsome@vandwlaw.com
jvarnell@vandwlaw.com
bwarwick@vandwlaw.com
cbrochu@vandwlaw.com
plevinson@vandwlaw.com
ckoerner@vandwlaw.com


Irwin Ast; FBN: 0059879
Leonard M. Caracappa; FBN: 1018504
Law Office of Irwin Ast
2121 S.W. 3rd Avenue, Suite 401
Miami, Florida 33129
Tel: (305) 307-5208
irwin@astlawfirm.com
leo@astlawfirm.com
pleadings@astlawfirm.com

*Counsel for Plaintiffs*